1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| TRENNA T., <br><br>                 Plaintiff, <br><br>   v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                Defendant. | NO. 1:21-CV-3133-TOR <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

13

14

15

16

17

     BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 11, 12).  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

18

### JURISDICTION

19

20

     The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    If the claimant is not engaged in substantial gainful activities, the analysis

2   proceeds to step two.  At this step, the Commissioner considers the severity of the

3   claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

4   "any impairment or combination of impairments which significantly limits [his or

5   her] physical or mental ability to do basic work activities," the analysis proceeds to

6   step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

7   this severity threshold, however, the Commissioner must find that the claimant is

8   not disabled.  *Id.*

9    At step three, the Commissioner compares the claimant's impairment to

10  several impairments recognized by the Commissioner to be so severe as to

11  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

12  416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

13  enumerated impairments, the Commissioner must find the claimant disabled and

14  award benefits.  20 C.F.R. § 416.920(d).

15   If the severity of the claimant's impairment does meet or exceed the severity

16  of the enumerated impairments, the Commissioner must pause to assess the

17  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

18  defined generally as the claimant's ability to perform physical and mental work

19  activities on a sustained basis despite his or her limitations (20 C.F.R. §

20  416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,
700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff has applied for social security benefits on several occasions. Tr. 19,
3329. A partially favorable decision was issued on February 24, 2015, with a
finding that Plaintiff became disabled on December 1, 2014. Tr. 19–36. Plaintiff
sought judicial review of the decision. Tr. 1425–27. The parties filed a stipulated
motion to remand the decision for further evaluation, which was granted. Tr. 1430,
1443–47.

On October 2, 2019, the ALJ issued a second partially favorable decision.
Tr. 3392–3408. Plaintiff again sought judicial review, and the parties agreed
remand was appropriate for a second time. Tr. 3419. Upon remand, a different
ALJ was directed to reevaluate Plaintiff's claim to determine whether Plaintiff was
disabled between March 13, 2012, the date of the application, and November 30,
2014, the day before Plaintiff became disabled. Tr. 3426–28. On August 2, 2021,
the new ALJ issued a decision, finding Plaintiff was not disabled between March
13, 2012 and November 30, 2014. Tr. 3329–42. Plaintiff seeks judicial review of
that decision. ECF No. 11.

At step one of the sequential evaluation process, the ALJ found Plaintiff had
not engaged in substantial gainful activity since March 13, 2012, the alleged onset

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

date.  Tr. 3332.  At step two, the ALJ found the following severe impairments:

obesity, depressive disorder, anxiety disorder, posttraumatic stress disorder

("PTSD"), and learning disorder.  *Id.*  At step three, the ALJ found Plaintiff did not

have an impairment or combination of impairments that meets or medically equals

the severity of a listed impairment.  Tr. 3333.  The ALJ then found, prior to

December 1, 2014, Plaintiff had a residual functional capacity to perform light

work with the following additional limitations:

> [Plaintiff] could stand, walk, or sit up to six hours each in an eight-hour workday with normal breaks.  She could occasionally climb ladders, ropes or scaffolds.  The claimant could occasionally stoop, kneel, crouch, and crawl.  She must avoid moderate exposure to unprotected heights and hazardous machinery.  The claimant could perform work that is limited to simple, routine tasks in a low stress environment with only occasional changes in the work setting.  The claimant was limited to superficial and occasional interaction with the public, occasional interaction with co-workers with no tandem tasks, and occasional interaction with supervisors.  She could perform jobs that do not require learning math calculations.

Tr. 3334.

At step four, the ALJ found Plaintiff did not have any past relevant work.

Tr. 3341.  At step-five, after considering Plaintiff's age, education, work

experience, and RFC, the ALJ concluded that prior to December 1, 2014, there

were other jobs that existed in significant numbers in the national economy that

Plaintiff could perform, such as a small parts assembler, a marker, and an

electronics worker.  Tr. 3341–42.  The ALJ concluded Plaintiff was not under a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

disability, as defined in the Social Security Act, from March 13, 2012, the date the application was filed, through November 30, 2014, the day before the established onset date.  Tr. 3342.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly evaluated Plaintiff's symptoms under Listings 12.04, 12.06, and 12.15;

2.  Whether the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and

3.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 11 at 2.

## DISCUSSION

### A.    Listings 12.04, 12.06, and 12.15

Plaintiff challenges the ALJ's findings at steps three, arguing the ALJ failed to properly assess Plaintiff's symptoms under the "paragraph C" criteria of Listings 12.04, 12.06, and 12.15.  *Id*. at 8.

At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings").  *See*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

20 C.F.R. § 416.920(a)(4)(iii).  The Listings describe specific impairments that are recognized as severe enough to prevent a person from engaging in substantially gainful activities.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Each impairment is described using characteristics established through "symptoms, signs and laboratory findings."  *Tackett*, 180 F.3d at 1099.

To *meet* an impairment, a claimant must establish she meets each of the characteristics of the listed impairment.  *Id.*  To *equal* an impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of the listed impairment, or, if a claimant's impairment is not listed, to the impairment "most like" the claimant's own.  *Id.*  If a claimant meets or equals one of the listed impairments, the claimant will be considered disabled without further inquiry.  *See* 20 C.F.R. § 416.920(d).  The claimant bears the burden of establishing her condition meets or equals a listed impairment.  *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

Plaintiff argues she meets the "paragraph C" criteria for Listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma and stressor-related disorders).  ECF No. 11 at 8.  To support her assertion, Plaintiff relies on the opinions of Irene Jenkins, a case manager at the group home where Plaintiff lives, and Shawna Stoneking, the

Residential Division Director at the group home.  ECF No. 11 at 9.  Plaintiff does not challenge the ALJ's assessment of the "paragraph B" criteria.

To satisfy the "paragraph C" criteria for Listings 12.04, 12.06, and 12.15, a claimant's mental disorder must be "serious and persistent."  20 C.F.R. § Pt. 404, Subpt. P, App. 1.  "Serious and persistent" means there is a medically documented history of the mental disorder over a period of at least two years, and evidence that demonstrates the disorder satisfies paragraphs C1 and C2.  *Id*.  Paragraph C1 is satisfied when the evidence shows a claimant relies on medical treatment, mental health therapy, psychosocial support, or a highly structured setting on an ongoing basis.  *Id*.  Paragraph C2 is met when the evidence shows a claimant has achieved only marginal adjustment despite diminished signs and symptoms of the mental disorder following the ongoing support or treatment.  *Id*.  "Marginal adjustment" means the claimant's adaption to daily life is fragile; that is, the claimant has only a minimal capacity to adapt to changes in her environment or demands that are not already part of her daily life.  *Id*.

Here, the ALJ found the evidence did not support a finding that the "paragraph C" criteria had been met.  Tr. 3334.  As discussed in the ALJ's assessment of the "paragraph B" criteria, there was no evidence that Plaintiff had only marginal adjustment; more specifically, there was no evidence that Plaintiff was unable to adapt to changes in her environment or adjust to demands not

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

already a part of her daily life. *Id*. Rather, the evidence indicated Plaintiff was

able to attend to her daily needs and live independently. *Id*. (citations to the record

omitted). The ALJ concluded the record did not reflect that Plaintiff required the

degree of supportive treatment contemplated in the "paragraph C" criteria. *Id*.

Plaintiff's reliance on Ms. Jenkins's and Ms. Stoneking's opinions are

unpersuasive. As discussed below, the ALJ gave little weight to these opinions as

they were not objective, and they were not supported by the totality of Plaintiff's

medical records.

It is the ALJ's responsibility to resolve conflicts in the medical evidence,

and "[w]here evidence is susceptible to more than one rational interpretation, it is

the ALJ's conclusion that must be upheld." *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)

(citation omitted). The Court finds the ALJ's reasoning for rejecting equivalence

under Listings 12.04, 12.06, and 12.15 is supported by substantial evidence.

## B.    Plaintiff's Symptom Testimony

Plaintiff argues the ALJ erred by failing to provide clear and convincing

reasons for rejecting Plaintiff's subjective symptom testimony. ECF No. 11 at 10.

An ALJ engages in a two-step analysis to determine whether a claimant's

subjective symptom testimony can be reasonably accepted as consistent with the

objective medical and other evidence in the claimant's record. SSR 16-3p, 2016

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 3335. In arriving at this conclusion, the ALJ considered several of the factors described above.

The ALJ first considered the objective medical evidence and concluded Plaintiff's claimed limitations were not substantiated by the evidence. *Id*. For

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

example, Plaintiff reported hallucinations and depressed mood, but at a March

2012 psychiatric evaluation, Plaintiff presented with adequate grooming and

hygiene, a cooperative attitude, euthymic mood, normal speech, good

concentration, and good memory. *Id*. (citation to the record omitted). In February

2013, records reflected that Plaintiff was stable and confident and able to use

coping skills to manage her symptoms. Tr. 3336 (citation to the record omitted).

In September 2013, Plaintiff was noted to be alert, cooperative, casually dressed,

and showed normal activity and speech. *Id*. Later in September 2013, Plaintiff

reported a significant decrease in anxiety, and a mental examination was normal.

*Id*. A July 2014 assessment reflected similarly normal findings. *Id*. Additionally,

the medical expert who testified at a prior hearing opined the evidence did not

support a finding that it was medically necessary for Plaintiff to move into a group

home. *Id*. Where the ALJ's interpretation of the record is reasonable as it is here,

it should not be second-guessed. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001).

Plaintiff's daily activities were also inconsistent with her claimed degree of

impairment. For example, Plaintiff engaged in activities that required use of

memory, attention, and concentration, such as cooking, writing, and working on a

GED. Tr. 3336 (citations to the record omitted). Plaintiff also demonstrated an

ability to keep appointments and work in a kitchen, which suggested her tolerance

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1   for stress was not as impaired as she claimed. *Id*. While the Ninth Circuit has

2   cautioned against reliance on "certain daily activities, such as grocery shopping,

3   driving a car, or limited walking for exercise" to discount a plaintiff's symptom

4   allegations, the ALJ here considered other factors and found additional reasons for

5   discrediting Plaintiff's subjective symptom testimony. *Vertigan v. Halter*, 260

6   F.3d 1044, 1050 (9th Cir. 2001).

7        Finally, the ALJ considered Plaintiff's obesity when evaluating her

8   limitations and restrictions. Tr. 3336. The ALJ noted the records showed a

9   documented concern with Plaintiff's weight and that she made attempts to lose

10   weight. *Id*. (citation to the record omitted). The ALJ concluded Plaintiff's

11   limitations due to her weight were consistent with a finding of light residual

12   functional capacity. *Id*. Otherwise, the ALJ found the records generally

13   demonstrated a physical functional ability within normal limits. *Id*. For example,

14   in September 2014, Plaintiff reported that her back pain had resolved, and she did

15   not report any knee pain. *Id*. (citation to the record omitted). Earlier exams

16   demonstrated normal motor and sensory function with no reports of gait difficulties

17   or decreased mobility. *Id*. (citation to the record omitted). The ALJ found

18   Plaintiff's weight did not prohibit her from performing light work activity. *Id*.

19        The Court finds the ALJ provided clear and convincing reasons supported by

20   substantial evidence to discount Plaintiff's subjective symptom testimony.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

### C.    Medical Opinion Evidence

Plaintiff argues the ALJ erred by not properly assessing the medical opinion evidence provided by Dr. Kent Layton and Dr. Angelo Ballasiotes.  ECF No. 11 at 19.  Plaintiff also challenges the ALJ's assessment of the opinions of Irene Jenkins and Shawna Stoneking.  *Id*.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician.  *Id.*  In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

1    treating physician, if that opinion is brief, conclusory, and inadequately supported

2    by clinical findings." *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir.

3    2000) (internal quotations and brackets omitted).  An ALJ may only reject the

4    opinion of a treating or examining doctor by providing specific and legitimate

5    reasons that are supported by a substantial weight of the evidence, even if that

6    opinion is contradicted by another doctor.  *Lester v. Chater*, 81 F.3d 821, 830–831

7    (9th Cir. 1995).  The opinion of a nonexamining physician may serve as substantial

8    evidence if it is supported by other independent evidence in the record.  *Andrews v.*

9    *Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

10            *1.  Dr. Kent Layton*

11            Dr. Layton was a medical expert who testified during one of Plaintiff's prior

12    hearings.  In a portion of his testimony, Dr. Layton opined that Plaintiff had

13    difficulties tolerating stress and working with deadlines.  Tr. 3337.  The ALJ gave

14    this portion of his opinion little weight because the record did not support the

15    described limitations.  *Id*.  The ALJ found that while Dr. Layton discussed in detail

16    Plaintiff's inability to perform mathematical equations, he did not cite any

17    evidence to support his conclusions regarding Plaintiff's stress tolerance or trouble

18    with deadlines.  *Id*.  Conversely, the medical records showed Plaintiff had good

19    attention and concentration, good ability to attend treatment and other

20    appointments on time, the ability to perform work in a kitchen, and intact

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17

1  judgment.  *Id.* (citations to the record omitted).  Moreover, the ALJ accounted for

2  Plaintiff's reduced capacity to deal with stress in her RFC.  *Id.*

3      The ALJ gave the remaining portions of Dr. Layton's opinion significant

4  weight, specifically, his opinion that it was medically unnecessary for Plaintiff to

5  be housed in a group home because Dr. Layton cited to several medical records to

6  support this conclusion.  *Id.*

7      The Court finds the ALJ provided clear and convincing reasons supported by

8  substantial evidence for discrediting part of Dr. Layton's opinion.

9           *2.  Dr. Angelo Ballasiotes*

10     Dr. Ballasiotes was a nonexamining physician who completed two forms

11 assessing Plaintiff's mental health functioning.  Tr. 3338.  In an April 2013

12 assessment, Dr. Ballasiotes indicated Plaintiff had marked and severe limitations in

13 every area of functioning, primarily due to her severe mood swings.  *Id.* (citing Tr.

14 623–24).  The ALJ acknowledged that Dr. Ballasiotes provided descriptions of

15 Plaintiff's symptoms and course of treatment, but he did not support his

16 conclusions with objective findings or explain how his opinion was supported by

17 clinical findings.  *Id.*  Additionally, Dr. Ballasiotes's opinion was inconsistent with

18 the generally normal or nearly normal mental exam findings in Plaintiff's medical

19 records.  *Id.* (citations to the record omitted).  The ALJ also found Dr. Ballasiotes's

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

opinion inconsistent with Plaintiff's demonstrated abilities to work in a kitchen and go out into public with peers. *Id.*

Dr. Ballasiotes's opinion in April 2013 was also inconsistent with the opinion he provided in June 2013. *Id.* In June 2013, Dr. Ballasiotes assessed Plaintiff as mild to marked in her limitations, which was a reduction in severity from his April 2013 assessment. *Id.* (citing Tr. 1013–15). The June 2013 evaluation also failed to explain how the findings were supported by clinical evidence. *Id.* Finally, the ALJ found the June 2013 assessment inconsistent with other objective medical evidence in the record. *Id.* (citations to the record omitted).

An ALJ "may reject a medical opinion if it is conclusory, and inadequately supported by clinical findings." *Downing v. Barnhart*, 167 F. App'x 652, 653 (9th Cir. 2006) (citation and quotations omitted). Accordingly, the ALJ properly rejected Dr. Ballasiotes's opinion because it was inadequately supported by clinical evidence and inconsistent with the record as a whole. Tr. 3339. The ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Dr. Ballasiotes's opinion.

### 3. *Irene Jenkins and Shawna Stoneking*

Ms. Jenkins and Ms. Stoneking were lay witnesses who provided opinions regarding Plaintiff's limitations. Tr. 3340. An ALJ may consider lay witness

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

testimony regarding a claimant's symptoms.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  However, the ALJ may discount the testimony by providing "reasons germane to each witness."  *Id*.

Here, the ALJ considered Ms. Jenkins's and Ms. Stoneking's opinions but concluded they were not corroborated by clinical findings.  Tr. 3340.  Additionally, the ALJ found that because Ms. Jenkins and Ms. Stoneking were Plaintiff's case managers, their statements were not objective assessments of her functioning but more akin to advocacy statements.  *Id*.  Finally, the ALJ noted Plaintiff's demonstrated abilities were inconsistent with Ms. Jenkins's and Ms. Stoneking's opinions of Plaintiff's functioning.  *Id*.  Thus, the ALJ properly rejected the lay witness testimony of Ms. Jenkins and Ms. Stoneking and provided germane reasons for doing so.

The ALJ did not err in rejecting the medical opinions of Dr. Layton and Dr. Ballasiotes, and the lay witness opinions of Ms. Jenkins and Ms. Stoneking because the opinions were inconsistent with the record as a whole and inadequately supported.  The ALJ provided clear and convincing reasons that were supported by substantial evidence in the record and reasons germane to the lay witnesses.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    2.  Defendant's Motion for Summary Judgment (ECF No. 12) is

2        **GRANTED**.

3        The District Court Executive is directed to enter this Order, enter judgment

4    accordingly, furnish copies to counsel, and **close the file**.

5        **DATED** July 8, 2022.



    THOMAS O. RICE
    United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21